UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES A. BOYD,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>SUPT. RON VAN BOENING, *et al.,*<br><br>　　　　　　　Defendants. | Case No.  C07-5599 FDB/KLS<br><br>ORDER TO SHOW CAUSE |

　　　　This matter comes before the Court on Plaintiff's motion requesting the Court to release funds from his "inmate savings to pay court fees pursuant to Federal PLRA - 28 U.S.C. § 1915(b)(2)." (Dkt. # 2, 5).  To file a complaint and initiate legal proceedings, a plaintiff must pay a filing fee of $350.00 or file a proper application to proceed *in forma pauperis*.

　　　　On October 31, 2007, the Clerk of Court received Plaintiff's proposed complaint and motion for Court Order to release inmate savings to pay court fees. (Dkt. # 1, 2).  On November 2, 2007, the Clerk sent Plaintiff a letter informing him that he must either pay the court filing fee or submit a proper application to proceed *in forma pauperis*, or this matter could be subject to dismissal. (Dkt. # 4).  The Clerk further informed Plaintiff that failure to comply by December 4, 2007 could result in dismissal of his case.

　　　　In his motion to the Court, Plaintiff indicates that he has funds in his prison savings account of $1,377.55 and that this Court should order the deduction of that money from his account for the payment

ORDER
Page - 1

of his filing fees. Plaintiff submits one page of a three page certified copy of his prison trust account statement, reflecting that he has a spendable balance of $261.71 and savings balance of $1,377.55 as of October 23, 2007. (Dkt. # 2, p. 1; Attachment).

The court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the court has broad discretion in denying an application to proceed *in forma pauperis*. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied*, 375 U.S. 845 (1963).

Several district courts have ruled that denial of *in forma pauperis* status is not unreasonable when a prisoner is able to pay the initial expenses required to commence a lawsuit. *See Temple v. Ellerthorpe*, 586 F.Supp. 848 (D.R.I. 1984); *Braden v. Estelle*, 428 F.Supp. 595 (S.D.Tex. 1977); *U.S. ex rel. Irons v. Com. of Pa.*, 407 F.Supp. 746 (M.D.Pa. 1976); *Shimabuku v. Britton*, 357 F.Supp. 825 (D.Kan. 1973), *aff'd,* 503 F.2d 38 (10th Cir. 1974); *Ward v. Werner*, 61 F.R.D. 639 (M.D.Pa. 1974).

In addition, pursuant to 28 U.S.C. § 1915(b), a prisoner seeking to proceed *in forma pauperis* is required to submit a written acknowledgment and authorization form, authorizing the agency having custody over him to collect from his prison trust account an initial partial filing fee and subsequent monthly payments until the full filing fee is paid. Plaintiff has not submitted the acknowledgment and authorization form approved for use by this court.

Local Rule CR 3(b) provides in relevant part:

> At the time application is made under 28 U.S.C. § 1915 or other applicable acts of Congress, for leave to commence any civil action or to file any petition or motion without being required to prepay fees and costs or give security for them, each petitioner, movant or plaintiff shall:
>
> (1) Complete the in forma pauperis affidavit approved for use in this district; and
>
> (2) File a written consent that the recovery, if any, in the action, to such amount as the court may direct, shall be paid to the clerk who may pay therefrom all unpaid fees and costs taxed against the plaintiff, and to his attorney the amount which the court allows or approves as compensation for the attorney's services.

Plaintiff has not submitted the written consent required by Local Rule CR 3(b)(2).

Plaintiff advises that the $350.00 filing fee may be deducted by the Court from his savings balance. (Dkt. # 2). The Court has no authority to authorize such direct deduction in the absence of a proper application to proceed *in forma pauperis*. Plaintiff is advised that deduction for the payment of

ORDER
Page - 2

filing fees under 28 U.S.C. § 1915(b)(2) may be authorized by this Court upon completion by the Plaintiff of a proper affidavit of indigency as required by 28 U.S.C. § 1915(a), including the submission of a copy of the acknowledgment and authorization form pursuant to 28 U.S.C. § 1915(b); and a copy of the written consent required by Local Rule CR 3(b).  If Plaintiff has direct access to his savings funds, he should pay the filing fee and he is ordered to show cause to the Court why he cannot do so.

Accordingly, the Court **ORDERS** the following:

(1) Plaintiff seek to cure the above deficiencies by paying the full $350.00 court filing fee or if he cannot do so, provide the Court with an explanation of why he is unable to access his savings funds directly and file a proper application to proceed *in forma pauperis* **no later than December 21, 2007,** which shall include a copy of the acknowledgment and authorization form pursuant to 28 U.S.C. § 1915(b) and a copy of the written consent required by Local Rule CR 3(b).  **Failure to cure these deficiencies by the above date shall be deemed a failure to properly prosecute this matter and the court will recommend dismissal of this matter.**

(2) The Clerk is directed to send a copy of this Order to Plaintiff, along with the appropriate forms.

DATED this 4th day of December, 2007.

Karen L. Strombom
United States Magistrate Judge