UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES A. BOYD,

    Plaintiff,

v.

RON VAN BOENING, *et al.*,

    Defendants.

Case No. C07-5599 FDB/KLS

ORDER DENYING MOTION
FOR JUDGMENT EX PARTE

Before the court is Plaintiff's motion for judgment ex parte pursuant to Rules 8(d), 12(a)(1)(A)(B) and 54(c)(d)(2)(A). (Dkt. # 27). Having carefully reviewed the motion, Defendants' response (Dkt. # 29) and the balance of the record, the court finds that the motion should be denied.

**I. DISCUSSION**

Plaintiff filed his Amended Complaint on April 1, 2008. (Dkt. # 23). Service was affected on Defendant Suss on April 21, 2008. (Dkt. # 26). Defendants filed an answer to Plaintiff's Amended Complaint on June 20, 2008. (Dkt. # 28).

Plaintiff contends that Defendants have failed to plead or respond to the Amended Complaint and relying on Fed.R.Civ.P. 8(d), 12(a)(1)(A)(B) and 54(c)(d)(2)(a), requests that judgment be entered in his favor. These rules do not govern entry of default.

Rule 55, which governs the entry of default, provides for the entry of default when a party fails to plead or otherwise defend. Fed.R.Civ.P. 55. Defendants have pled and defended by filing an answer on June 20, 2008. (Dkt. # 28).[1] Therefore, Defendants have not failed to plead or otherwise defend in violation of CR 55(a).

Accordingly, Plaintiff's motion for judgment ex parte (Dkt. # 27) is **DENIED** as moot.

DATED this  25th  day of July, 2008.

Karen L. Strombom
United States Magistrate Judge

---

[1] As noted by Defendants, Plaintiff's motion appears to be based upon the mistaken belief that counsel's notice of appearance triggers the time when defendants are required to plead, particularly in prisoner civil rights cases, where the court sends a courtesy copy of the lawsuit to the Attorney General's Office.